# SHAWNEE-TECUMSEH TRACTION CO. v. GRIGGS.

No. 6310.   Opinion Filed August 3, 1915.

(151 Pac. 230.)

1.   **DAMAGES—Personal Injuries—Future Suffering.** The jury, in a personal injury case, may take into consideration, in assessing the damage, the pain and suffering which may reasonably be expected in the future, provided evidence has been presented tending to show that the person injured will, with reasonable certainty, experience future pain as a result of the injury.

2.   **SAME—Personal Injuries—Future Suffering—Proof.** There are two rules by which future pain and suffering may be submitted to the jury:   (1) If the injury is objective, and it is plainly apparent, from the nature of the injury, that the injured person must of necessity undergo pain and suffering in the future, the

jury may infer that fact from proof of such an injury alone. (2) But where the injury is subjective, then, to warrant a jury to return a verdict for future pain and suffering, there must be produced evidence by expert witnesses that the plaintiff, with reasonable certainty. will experience future pain and suffering as a result of the injury.

3.    EVIDENCE—Opinions—Permanency of Injuries. It is not competent for a party, who as a witness testifies to his pains, to state his opinion that the injuries which caused the same are permanent.

(Syllabus by Mathews, C.)

*Error from District Court, Pottawatomie County; Chas. B. Wilson, Judge.*

Action by Mrs. Jane H. Griggs against the Shawnee-Tecumseh Traction Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

*Abernathy & Howell,* for plaintiff in error.

*W. N. Maben,* for defendant in error.

Opinion by MATHEWS, C. This is an action for personal injuries alleged to have been caused by the negligence of the traction company; the plaintiff having been injured while alighting from a car operated by defendant. While there are several assignments of error, as we view the case, it will be necessary to pass upon but one.

The court instructed the jury that in determining the amount of damages, if any, to be allowed plaintiff they should take into consideration "such physical pain, if any, as you may find she may suffer in the future," and should assess the amount of recovery at such a sum as would reasonably compensate her for the detriment and damage "which she is certain to sustain in the future, if any, by reason of such injuries." The defendant reserved exception to this instruction, and contends that there was not sufficient evidence introduced in the case tending to

prove that the plaintiff would undergo any future pain or suffering.

It is no longer a controverted question but that a jury, in personal injury cases, may take into consideration the pain and suffering which may reasonably be expected in the future, provided evidence has been given tending to show that the person injured will, with reasonable certainty, experience future pain as a result of the injury, and a charge that plaintiff is entitled to damages for future pain and suffering which flow clearly and logically from the injury is proper, where there is any evidence from which the jury may fairly infer that plaintiff will undergo pain and suffering, to some extent, in the future. *Koetter v. Manhattan Ry. Co.*, 59 Hun, 623, 13 N. Y. Supp. 458.

There are two rules by which the question of future pain and suffering may be submitted to the jury. If the injury is objective, and it is plainly apparent, from the very nature of the injury, that the injured person must of necessity undergo pain and suffering in the future, then most certainly the plaintiff would not be required to prove a fact so plainly evident, and upon making proof of such an objective injury the jury may infer pain and suffering in the future. *Chicago, B. & Q. R. R. Co. v. Warner*, 108 Ill. 538; *Lake Shore & M. S. Ry. Co. v. Johnson*, 135 Ill. 641, 26 N. E. 510. Where the injury is subjective, and of such a nature that laymen cannot, with reasonable certainty, know whether or not there will be future pain and suffering, then, in order to warrant an instruction on that point, and to authorize a jury to return a verdict for future pain and suffering, there must be offered evidence by expert witnesses, learned in human anatomy, who can testify, either from a personal

examination or knowledge of the history of the case, or from a hypothetical question based on the facts, that the plaintiff, with reasonable certainty, may be expected to experience future pain and suffering, as a result of the injury proven. *Strohm v. Railroad Co.,* 96 N. Y. 305; *Rose v. Kansas City,* 48 Mo. App. 440.

The injuries complained of in the case at bar at the time of the trial were all subjective as far as they related to future pain and suffering. It was given in evidence that her jaw was fractured at the time of the accident, and she testified that she suffered pain from that when the weather changed; that her ribs were injured, and that at times she still suffered from that injury; that her back pained her at all times, and was, at the time of the trial, very tender, and that the pain extended from the small of her back to her eyes, and that at times she had a severe headache. It was in evidence that, at the time of the trial, her jaw had healed up and knit together, although there was a very small callous place yet perceptible at the point of fracture.

The only evidence of present pain was given by the plaintiff herself, and she could not, with reasonable certainty, testify that she would suffer, and most certainly she could not say how much she would suffer, in the future (*Atlanta St. R. Co. v. Walker,* 93 Ga. 462, 21 S. E. 48); and the injuries complained of were not such as would warrant the jury in inferring that she would suffer pain in the future, all of the injuries being plainly subjective. Evidence by experts that there would, to a reasonable certainty, be future pain and suffering, is wholly lacking in the case. The only effort made even to present such evidence was in a question propounded

to the physician who attended the plaintiff, which, with the answer, is as follows:

"Q. If the patient had suffered as above indicated, and continued to suffer for 16 months after sustaining the injuries, and now complains of the same degree of suffering, I will get you as a physician to state in your opinion whether or not the injuries are permanent. A. I do not know whether they are permanent or not. My medicines haven't cured them, it seems."

There was some other evidence given by the same witness along this line, but it was even more indefinite and uncertain than the above extract; and the only other evidence on this point was by a physician who had made a physical examination of the plaintiff's injuries some time previous to the trial, who testified as follows:

"Q. Can you and are you prepared to swear positively that Mrs. Griggs is not suffering from any injury to her back? A. I can't swear she is not suffering from an injury to the back. I cannot measure pain in another party. I have to take their word for it. Q. But you can't say, Doctor, you are not willing to swear positively, that the nerves of the back are not injured? A. I am not smart enough to swear that, Mr. Maben; I couldn't swear to that positively."

In the case of *Reardon v. Third Ave. R. Co.*, 24 App. Div. 163, 48 N. Y. Supp. 1005, the court said:

"The complaint had alleged permanent injury, but there was no proof of it, unless to be inferred from plaintiff's statement at the trial, less than two years after the accident, that at times he suffered pain. Though the point was called to the attention of the trial judge, he charged that the jury might compensate plaintiff, 'not only for the pain and suffering in the past, but the pain and suffering in the future, if you believe that he will necessarily, as the result of those injuries, suffer further pain and suffering.' Held error."

The court in the course of the opinion said:

"And while it did appear that four months after the accident the plaintiff was weak and unable to work, and had pain, and at the time of the trial, which took place a year and a half after the examination last alluded to, the doctor testified he could still distinguish the place where the ribs were broken, he did not testify to any permanent, or at that time existing, injury; and that fact did not appear, except as it might be inferred from the statement of the plaintiff that at times he suffered pain. With respect to the medical testimony, even as supplemented by that of the plaintiff, the most that could be said was that at the time of the trial the plaintiff had not entirely recovered from his injuries. In the absence of proof, in the shape of an opinion or otherwise, that such injuries were reasonably certain to be permanent, it was the duty of the court to charge in accordance with the undisputed facts."

In order to lay a predicate for the submission of an instruction to the jury relative to future pain and suffering, where the injuries are subjective, the plaintiff should present proof by expert witnesses as to whether or not the injuries are incurable, and if curable the probable time it will take to effect a cure, and expert witnesses should also testify as to the extent and degree of suffering to be expected in the future, and the evidence should be of that positive nature that the jury can, with reasonable certainty, arrive at some definite conclusion on the subject, and it should not be left to surmise and speculation. In the case at bar, the main expert witness produced by the plaintiff, who knew the complete history of the case from personal knowledge, said that he did not know whether plaintiff's injuries were permanent or not. If this witness, skilled in the medical profession, with every opportunity of knowing all the facts relative to

plaintiff's injuries, stated that he did not know whether the injuries were permanent or not, it was certainly most unreasonable to require a jury to take indefinite and uncertain testimony, and therefrom to find that there was a reasonable certainty that plaintiff would or would not suffer future pain which was the clear and logical result of the injury. It is plainly apparent that to require them to do so under the evidence offered in this case simply licenses them to enter the field of speculation and to return a verdict upon surmise and conjecture. The evidence was not sufficient to warrant the court submitting to the jury this phase of the case.

In view of the probability of this case being tried again, we call the trial court's attention to the case of *Midland Valley Railway Co. v. Hilliard,* 46 Okla. 391, 148 Pac. 1001, wherein the court criticizes the use of the word "may" in the instructions that the jury should take into consideration such physical pain as they find the plaintiff "may" suffer in the future, and recommends the use of the word "will" in its place.

We have examined the record and find no other error therein.

For the reasons given, the judgment should be reversed and remanded for new trial.

By the Court: It is so ordered.