## MUSKOGEE ELECTRIC TRACTION CO. v. DOSS.

No. 5001— Opinion Filed June 27, 1916.

(158 Pac. 896.)

**1. Damages — Personal Injuries — Future Suffering.**

The jury, in a personal injury case, may take into consideration, in assessing the damage, the pain and suffering which may reasonably be expected in the future, provided evidence has been presented tending to show that the person injured will, with reasonable certainty, experience future pain as a result of the injury.

**2. Same—Proof.**

There are two rules by which future pain and suffering may be submitted to the jury: (1) If the injury is objective, and it is plainly apparent from the nature of the injury that the injured person must, of necessity, undergo pain and suffering in the future, the jury may infer that fact from proof of such an injury alone. (2) But where the injury is subjective, then, to warrant a jury to return a verdict for future pain and suffering, there must be produced evidence by expert witnesses that the plaintiff, with reasonable certainty, will experience future pain and suffering as a result of the injury.

(Syllabus by Crump, C.)

Error from Superior Court, Muskogee County; F. L. McCain, Judge.

Action by Clarence O. Doss against the Muskogee Electric Traction Company. From a judgment for plaintiff, defendant brings error. Reversed and remanded for new trial.

Blakeney & Maxey, for plaintiff in error.

S. M. Rutherford, Jas. W. Cosgrove, and Guy F. Nelson, for defendant in error.

Opinion by CRUMP, C. This is an action for personal injuries alleged to have been

sustained by the defendant in error through the negligence of the Muskogee Electric Traction Company, the plaintiff having been injured while on one of the cars of plaintiff in error. in the city of Muskogee, Okla., said injury being caused by a collision with a box car on one of the sidings of plaintiff in error. The plaintiff produced no testimony showing that the injury. if any he received, was objective, nor was there any testimony showing that the injury. if any received, was subjective, and in the absence of this testimony it was error for the trial court to instruct the jury that:

"If you find, under the evidence and the instructions of the court, a verdict in favor of the plaintiff, you should assess his damages in such an amount as you believe from the evidence will be a fair and reasonable compensation to him for the pain of body, if any, which he has suffered caused by his injuries in question. and for such pain of body, if any, as the evidence shows he is reasonably certain to suffer in the future as a result of such injuries, if any."

In the case of Shawnee-Tecumseh Traction Company v. Griggs, in an opinion by Commissioner Mathews, reported in 50 Okla. 566, 151 Pac. 230, this court says:

"The jury, in a personal injury case, may take into consideration, in assessing the damage, the pain and suffering which may reasonably be expected in the future, provided evidence has been presented tending to show that the person injured will, with reasonable certainty, experience future pain as a result of the injury."

"There are two rules by which future pain and suffering may be submitted to the jury: (1) If the injury is objective, and it is plainly apparent, from the nature of the injury, that the injured person must of necessity undergo pain and suffering in the future, the jury may infer that fact from proof of such an injury alone. (2) But where the injury is subjective, then, to warrant a jury to return a verdict for future pain and suffering, there must be produced evidence by expert witnesses that the plaintiff, with reasonable certainty, will experience future pain and suffering as a result of the injury."

It therefore follows that, inasmuch as there is no testimony in the record authorizing the giving of such an instruction, it is error, and for that reason the judgment should be reversed and remanded for a new trial.

By the Court: It is so ordered.