## SLOAN v. ANDERSON.

No. 22235. Opinion Filed Nov. 29, 1932.

A. C. Saunders, for plaintiff in error.

Roy F. Ford and S. J. Montgomery, for defendant in error.

ANDREWS, J. This is an appeal from a judgment of the district court of Tulsa county in favor of the defendant in error, the plaintiff therein, against the plaintiff in error, the defendant therein. The parties hereinafter will be referred to as they appeared in the trial court .

The plaintiff brought this action to recover damages for personal injuries sustained by her on December 20, 1929, from being struck by an automobile owned by the defendant and negligently driven by him. In her petition she alleged as negligence that the de-

fendant was driving his car at the time of the injury "at a high, dangerous and excessive rate of speed, to wit, about 40 miles per hour," and that he failed to keep a proper lookout ahead for pedestrians and vehicles and to give warning of the approach of his car. The defendant, in his answer, alleged contributory negligence in that the plaintiff "carelessly and negligently and recklessly, dashed, darted, and ran from behind a building on the south side of said highway, immediately and directly into the path and in front of the approaching car of this defendant." The cause was tried to a jury and a verdict returned in favor of the plaintiff in the sum of $9,000. From that judgment, the defendant appealed.

The defendant contends that the judgment and verdict are clearly against the weight of the evidence. That assignment of error cannot be considered for the reason that the defendant neither demurred to the plaintiff's evidence, nor asked for an instructed verdict. White v. Hughes, 145 Okla. 192, 292 P. 37; McIver v. Katsiolis, 93 Okla. 49, 217 P. 424, and other decisions by which this court has committed itself to that rule.

The defendant contends that there was error in permitting the introduction of evidence over his objection. We find no error therein.

The defendant contends that the trial court erred in giving instruction No. 7. That instruction conforms to the definition of the term "contributory negligence" in Chicago, R. I. & P. Ry. Co. v. Barton, 59 Okla. 109, 159 P. 250. Another objection made to that instruction is that the trial court failed to instruct the jury as to the duty of the plaintiff, or the degree of care required of her, in entering or crossing a highway. That objection is without merit, in view of the fact that the plaintiff, at the trial, contended that she had not reached the highway at the time she was struck. Such an instruction would assume a controverted question of fact to be true.

The defendant contends that the trial court erred in giving instruction No. 8. That part of the instruction complained of is as follows:

"* * * In arriving at the amount, if any, which you will give to the plaintiff, you may take into consideration the mental and physical pain and suffering which she had suffered in the past and is reasonably certain to undergo in the future, if any; * * * and you may also take into consideration the extent of the injuries to the plaintiff, if any; that is, whether or not the same are permanent and will likely be a source of inconven-

ience and annoyance to the plaintiff during the remainder of her life. * * *"

In Muskogee Electric Traction Co. v. Doss, 59 Okla. 234, 158 P. 896, this court held:

"The jury, in a personal injury case, may take into consideration, in assessing the damage, the pain and suffering which may reasonably be expected in the future, provided evidence has been presented tending to show that the person injured will, with reasonable certainty, experience future pain as a result of the injury."

In Weatherly v. Manatt, 72 Okla. 138, 179 P. 470, this court held:

"Future pain and suffering may be established: (1) Where the injury is objective and it is plainly apparent from the nature of the injury that the injured person must of necessity undergo pain and suffering in the future, the jury may infer that fact from proof of such an injury alone. (2) Where the injury is subjective, to warrant a jury to return a verdict for future pain and suffering, there must be produced expert evidence that the plaintiff with reasonable certainty will experience future pain and suffering as a result of the injury."

That rule has been followed in Hines v. Dean, 96 Okla. 107, 220 P. 860, and Shawnee-Tecumseh Traction Co. v. Griggs, 50 Okla. 566, 151 P. 230.

The inclusion in instruction No. 8 of that portion thereof referring to future pain and suffering, if justifiable, was by reason of the testimony of Dr. Whodes, who treated the plaintiff for the injury, and who testified that he did not think that the plaintiff had fully recovered at the time of the trial; that she could not get rid of the scars on her limbs; that "we never know when they are entirely well from a fracture at the base of the skull," and that it "might cause insanity, epileptic fits or various other things." He further testified:

"Q. All these things you are talking about what might happen in the future, there is nothing you see in this young lady now that indicates to you with any degree of certainty it will happen? A. No degree of certainty, but as long as she has dizziness and headaches, we will be apprehensive"

—and:

"Q. Are you in position to say that that dizziness and the headaches are caused by this accident? A. No, sir."

The verdict of the jury and the judgment were in the sum of $9,000. The defendant contends that that amount is excessive. In view of the fact that the pain and suffering of the plaintiff may have been due, in part

at least, to appendicitis and an operation therefor, and in view of the fact that the items of actual damage sustained aggregated less than $1,000, we are convinced that the amount of the judgment is excessive. In view of the question as to the sufficiency of the evidence to support that portion of instruction No. 8 pertaining to future pain and suffering, we are of the opinion that the judgment of the trial court should be reversed, and it will be so ordered unless the plaintiff, within 20 days hereafter, shall file herein a remittitur in the sum of $4,000. Upon the filing thereof the judgment shall stand affirmed. Upon the failure to file the same, the judgment is reversed and the cause is remanded for a new trial.

LESTER, C. J., and CULLISON, SWINDALL, McNEILL, and KORNEGAY, JJ., concur. CLARK, V. C. J., and RILEY and HEFNER, JJ., absent.