KANSAS, O. & G. R. CO. v. OWENS.

No. 30146. Nov. 12, 1941.

*120 P. 2d 623.*

O. E. Swan, of Muskogee, for plaintiff in error.

Pryor & Sandlin, Don Wilbanks, and Marvin Balch, all of Holdenville, for defendant in error.

HURST, J. This is an action by Wilma Owens to recover damages from the defendant railway company for personal injuries. Plaintiff alleged, and her evidence tended to prove, that a car in which she was riding collided with a

train of defendant at a crossing, and that the accident was caused by the negligence of the defendant, and that as a result of the accident she suffered a miscarriage. There was no expert testimony that her injuries were permanent, or that she would probably suffer pain in the future. In instruction No. 11, the jury was told that it might award damages for future pain and suffering. The defendant duly excepted to said instruction. The jury returned a verdict for plaintiff awarding her damages in the sum of $2,000. From a judgment on the verdict, the defendant appeals. It argues 16 propositions, but we find it necessary to pass upon only two of them, (a) that instruction No. 11 was erroneous, and (b) that the verdict is excessive.

These contentions must be sustained. There appears in the record little evidence of any pain or suffering endured by plaintiff prior to the trial and none that she might endure any thereafter which could be attributed to the collision. She testified that she was nervous, suffered from headaches, and that her monthly periods were irregular. Whether these troubles were due to the accident was a matter requiring expert testimony, and she offered none. Only expert witnesses could testify that any future pain or suffering which she might experience would be due to her injury. Sloan v. Anderson, 160 Okla. 180, 18 P. 2d 274; Hines v. Dean, 96 Okla. 107, 220 P. 860; Shawnee-Tecumseh Traction Co. v. Griggs, 50 Okla. 566, 151 P. 230. Plaintiff did not have a physician attend her, but procured some medicine from a physician two different times. She remained in bed for a week or two, and there is no evidence that she suffered severely. A verdict for $2,000 under the circumstances, where no permanent injury is shown, seems excessive, and it is probable that the jury allowed a portion thereof for future pain and suffering, but we cannot say how much so as to order a remittitur. See Pine v. Rogers, 182 Okla. 276, 77 P. 2d 542; Oklahoma City v. Tytenicz, 171 Okla. 519, 43 P. 2d 747.

Reversed for a new trial.

WELCH, C. J., and RILEY, OSBORN, GIBSON, and ARNOLD, JJ., concur. DAVISON, J., dissents. CORN, V. C. J., and BAYLESS, J., absent.

DAVISON, J. (dissenting). I dissent for the reason that from the evidence there was ample reason to sustain the $2,000 judgment even excluding any recovery that might have been had by reason of instruction No. 11. The record does not disclose that instruction No. 11 proved prejudicial to defendant, and assuming it was erroneous, it should be treated as harmless under the facts in this case.