MISSOURI–KANSAS–TEXAS RAILROAD CO., a corporation, and Ernest A. Durbin, Plaintiffs in Error,

v.

Mrs. John EDWARDS, Defendant in Error.

No. 38421.

Supreme Court of Oklahoma.

April 18, 1961.

Doerner, Stuart, Moreland, Campbell & Saunders, Tulsa, and William A. Thie, Denison, Tex., for plaintiffs in error.

Rucker, Tabor, Best, Sharp & Shepherd, O. H. "Pat" O'Neal, Wesley Whittlesey, Sapulpa, for defendant in error.

PER CURIAM.

In this action, defendant in error, Mrs. John Edwards, hereafter referred to as "plaintiff", seeks to recover damages from plaintiffs in error, Missouri-Kansas-Texas Railroad Company and Ernest A. Durbin, hereafter referred to as "defendants", for bodily injuries sustained in the train-automobile collision which is referred to in Appeal No. 38,422, 361 P.2d 459.

With the following noted exceptions, the issues presented by this appeal are the same as presented in No. 38,422.

In the instant case, defendants contend that "it was prejudicial error for plaintiff to introduce John Edwards, (hereafter referred to as 'witness'), as a witness." The facts bearing upon this issue are in substance these:

As pointed out in No. 38,422, witness sustained a brain injury which defendants here assert rendered him "mentally unstable"; defendants contend that plaintiff knew of said condition but nevertheless caused witness to take the stand; that witness was not mentally capable of relating material facts bearing upon the issues presented by the instant case; that witness did not testify to material facts and for said reason his testimony was stricken by the court; that witness wept during the time that he was on the stand; that witness was offered in order to arouse "pathos and sympathy".

Prior to placing witness on the stand, plaintiff's counsel stated that he didn't know whether witness was competent to

testify; that if he did not offer him as a witness the "jury can draw some conclusion about the fact" that witness's testimony was not introduced; that if the court concluded that witness was incompetent "then I will withdraw him".

The evidence tends to show that witness was rational at times and we assume that plaintiff and her counsel could not be certain whether witness was rational or irrational at the time he was placed on the stand. Only eight questions were propounded to witness to which he gave intelligent answers. He was then excused and his testimony was stricken.

We are of the opinion that defendants have failed to show reversible error on the trial court's part in the foregoing particulars.

The jury returned a verdict of $175,000 in plaintiff's favor. From order of the trial court denying defendants' separate motions for new trial which were directed to the judgment rendered on the verdict, defendants perfected this appeal.

Here, as in No. 38,422, defendants contend that the verdict is excessive.

In our opinion in No. 38,422, we pointed out most of the relevant facts bearing upon the foregoing issue. Other facts bearing upon said issue are that at the time of the collision plaintiff was a healthy able-bodied woman who was capable of and who performed household work and cared for her family. She was not then employed and apparently did not intend to seek employment.

Plaintiff argues that irrespective of the fact that she was not employed and did not intend to seek employment, she is entitled to recover damages because of impairment of her earning capacity. She does not, however, contend that the evidence shows that she was capable, prior to the collision, had she so desired, of earning any given amount. In view of said fact and the further fact that a cause of action for her past and future medical expenses and for her past and future care rested in her husband and not in her,

which causes of action were presented in No. 38,422, she has failed to show that she was damaged in any precise amount. Generally speaking, the damages that plaintiff would be entitled to recover herein are damages for possible loss of earning capacity; damages for past and future pain and suffering and damages for disfigurement, in connection with which items she was awarded $175,000.

■ This Court and other courts have recognized that there is no precise yardstick for measuring damages for pain and suffering; that as a general rule the fixing of such damages is a matter for the jury. As reflected by our opinion in Sloan v. Anderson, 160 Okl. 180, 18 P.2d 274, we have nevertheless held that an award for pain and suffering will be reduced where found to be excessive. We have in fact consistently recognized the proposition that in keeping with the provisions of 23 O.S. 1951 § 97, damages such as were allowed in the instant case must be reasonable.

■ The evidence shows that plaintiff's injuries were such as to cause her great pain and that she will suffer some pain in the future. The evidence also shows that the injuries resulted in some disfigurement. It is clear that her injuries were serious and permanent and that she will never be able to perform the household work that she customarily performed prior to the collision. However, and as pointed out in No. 38,422, her husband (John Edwards) asserted damages in the amount of $22,635 as the cost of employing a housekeeper, and damages in the amount of $220,314 as the cost of employing a practical nurse to care for plaintiff. It thus appears that plaintiff is here attempting in part to assert damages which were properly asserted and recovered by her husband in No. 38,422.

After having considered all relevant facts and circumstances, we have concluded that the verdict in the instant case is excessive to the extent of $46,200 and for said reason the defendants are entitled to a

new trial unless plaintiff, within 30 days after the mandate herein reaches the trial court, agrees to a remittitur of that portion of the judgment, which, exclusive of costs, exceeds the sum of $128,800.

With the exceptions noted, our opinion in No. 38,422 is determinative of the issues presented by this appeal and same is, therefore, adopted where applicable as our opinion herein.

Affirmed subject to a remittitur of $46,-200, otherwise reversed and remanded for new trial.

BLACKBIRD, V. C. J., and WELCH, DAVISON, JOHNSON, IRWIN and BERRY, JJ., concur.

WILLIAMS, C. J., and HALLEY and JACKSON, JJ., dissent.

JACKSON, Justice (dissenting).

The decisive issues and assignments of error in this case are the same as in Missouri-Kansas-Texas Railroad Company v. Edwards, Okl., 361 P.2d 459. For the reasons assigned in my dissenting views in that case I must respectfully dissent in this case.