TOM P. McDERMOTT, INC., a Corporation, and Lyman Devin, Plaintiffs in Error,

v.

E. G. BIRKS, Defendant in Error.

No. 40414.

Supreme Court of Oklahoma.

Sept. 22, 1964.

**576**

Hudson, Hudson, Wheaton, Kyle & Brett, Tulsa, for plaintiffs in error.

Thomas A. Wallace, Sapulpa, for defendant in error.

WILLIAMS, Justice.

Defendant in error instituted this action against plaintiffs in error to recover damages for injuries sustained by him in a collision of motor vehicles. Our continued reference to the parties will be as they appeared in the trial court.

At the conclusion of the trial below the jury returned a general verdict in plaintiff's favor in the sum of $20,000.00. From such judgment and the overruling of their motion for a new trial, defendants appeal.

For reversal defendants advance two propositions. The first is that "It was error for the trial court to submit to the jury the question of the permanency of plaintiff's injuries, future pain and suffering, medical expenses and loss of earnings because of the absence of any competent evidence showing plaintiff's injuries would be permanent." Defendants argue that " * * * (E)xpert

evidence is necessary to warrant submission to a jury the issue of future pain and suffering and permanent injuries. That expert opinion may not be based solely on subjective symptoms and complaints of plaintiff. There must be some objective findings of injury. The evidence must be of such positive nature so that a jury's conclusion will not be based on surmise and speculation."

Defendants' contention that plaintiff's future pain and suffering and diminished earning capacity should not have been submitted to the jury is based solely on the assertion that there was no testimony from medical experts as to such items, and that plaintiff's injuries were "subjective" in character. If this is true, then defendant's contention is supported by the rule enunciated by this Court in Shawnee-Tecumseh Traction Co. v. Griggs, 50 Okl. 566, 151 P. 230, of effect that: Where the proof of an injury is subjective, in order to warrant an assessment of damages for future pain and suffering, and permanent injury, or both, there must be evidence by expert witnesses that plaintiff, with reasonable certainty, will experience such pain and suffering and that the injury is permanent.

Dr. M., in testifying for the plaintiff, stated:

"Q: * * * (T)he condition as you found it upon your examination, how did it affect him as being able to perform labor or mechanical duties, such as the repair of radiators and that sort of thing"?

"A: I don't think he was able to carry on that type of work.

"Q: If he tried to what would be the result?

"A: It would aggravate the process that resulted from the injury which I have described.

"Q: I see. Now, as a result of your treatment were you able to obtain some partial relief for this man?

"A: Yes, sir. This man got better as far as his left leg was concerned and also as far as his upper extremities were concerned, he did have some definite residual in the last examination. * * *"

  *   *   *   *   *   *

"A: I feel that the man is making some progress at this time, and we feel that additional treatment might be of some value to him."

  *   *   *   *   *   *

"Q: Now, doctor, considering the examination, the course of treatment also, do you have an opinion as to whether or not the condition which Mr. Birks has now will be present in the future?

"A: I think he will have very little chance to make very much additional improvement over what he has done in the past.

"Q: All right. On what do you base that, Doctor?

"A: On the fact that he has residual, in spite of the extensive treatment, therapy treatment in our physical therapy department and under our supervision."

  *   *   *   *   *   *

"A: It would be difficult for him to carry on any type of bending, car riding, anything of that sort, it would have a tendency to aggravate these conditions".

  *   *   *   *   *   *

"A: Well, anything that puts tension on the back and neck will aggravate his condition.

"Q: How frequently do you expect he will require medical treatment in the future?

"A: It depends upon progress, how much of any improvement he has, and as far as any future medical is concerned, if he has no improvement I feel that the treatments wouldn't be anticipated for any long period of time."

■ As noted, Dr. M. testified that plaintiff had some residual, i. e., permanent disability; that there was very little chance that plaintiff would make additional improvement; that anything that would put tension on his back and neck would aggravate his condition; and plaintiff would require medical treatment in the future but if there was no improvement such treatment would not extend for a long period of time. The testimony of Dr. M. appears to meet at least the minimum requirements of the rule.

In Kansas City Southern Railway Company v. Norwood, Okl., 367 P.2d 722, 730, we said:

"It is not necessary that the evidence adduced to prove an injury is permanent be so positive and conclusive as to establish that fact beyond any shadow of doubt before it can be submitted to a jury. It is sufficient if it reasonably tends to establish such fact. Oklahoma Ry. Co. v. Wilson, 204 Okl. 90, 227 P.2d 392."

In view of the above quoted and noted testimony by a medical expert, we cannot say that, under the rule of the Griggs case, supra, the trial court erred in authorizing the jury, by Instruction No. 13, to consider the permanency of plaintiff's injuries, his future pain and suffering and medical expenses and loss of earnings in assessing damages.

■■ Defendants' second proposition is that "The erroneous instruction [No. 13], is manifested by the excessive verdict." Defendants maintain that "The erroneous instruction doubtless caused the jury to increase its verdict because of the conjectured future pain and suffering and conjectured permanent disability".

Defendants do not contend that the excessiveness of the verdict and judgment was the result of bias, passion or prejudice.

We consider our disposition of defendants' first proposition determinative of their second proposition.

In Pacific National Fire Insurance Company v. Woods, Okl., 381 P.2d 824, in the fifth paragraph of the syllabus, we held:

"If there is any evidence in an action of legal cognizance reasonably tending to sustain a jury verdict, which has been approved by trial court, the verdict and judgment based thereon will not be disturbed on appeal."

Affirmed.

BLACKBIRD, C. J., HALLEY, V. C. J., and DAVISON, JOHNSON, JACKSON, IRWIN and BERRY, JJ., concur.