### TREEMAN et al. v. FREY et al.

No. 19002. Opinion Filed Oct. 1, 1929.

Rehearing Denied Dec. 3, 1929.

202

Cress & Tebbe, for plaintiffs in error.

Pryor & Stokes and Hugh M. Sandlin, for defendants in error.

JEFFREY, C. This action was begun in the district court of Seminole county by R. W. Treeman and Thomas O. Munger, doing business under the firm name and style, Treeman & Munger, as plaintiffs, against J. M. Frey and Work Brothers, a copartnership composed of E. P. Work and W. K. Work, as defendants, for the possession of six horses, four sets of harness, and one wagon. Plaintiffs based their right to possession of the property on a mortgage covering the same which had been given to them by the defendant Frey, to secure the payment of a promissory note. The unpaid balance of the note which was past due amounted to $289. The property belonged to the defendant Frey. The defendants Work Brothers filed an answer, in which they claimed an agister's lien for keeping and feeding the horses, to the amount of $645.19. Frey did not file any pleading, but the issues were joined between plaintiffs and Work Brothers, who will herein be referred to as defendants. The cause was tried to a jury, and a verdict returned in favor of defendants, finding the amount due the defendants to be the amount claimed. Judgment having been duly rendered, and motion for new trial overruled, plaintiffs have appealed.

Numerous errors are assigned as grounds for reversing the judgment of the trial court, but since we have concluded that the cause must be reversed for a new trial, we will consider only those questions which are likely to recur on the new trial.

Plaintiffs' first proposition is that the trial court abused its discretion in refusing to reopen the case and grant certain requests made. This proposition will be considered only to the extent of determining plaintiffs' right to here present objections to the instructions. During the forenoon on the day of the trial, after plaintiffs had rested their case the third time, and while the defendant E. P. Work was being cross-examined on the items of his account relied upon, the court recessed until one o'clock, saying that it was doing so in order to let the parties familiarize themselves with the accounts. It appears that the recess was taken at 11:15. a. m. At 1 p. m., when the court reconvened, both plaintiffs were present, but neither of the attorneys for plaintiffs was present The witness, E. P. Work, was on the stand and counsel for defendants asked him two additional questions and rested. Defendants having rested and counsel for plaintiffs not being present, the court then proceeded to instruct the jury. While the instructions were being read and approximately seven minutes past one o'clock, counsel for plaintiffs came into the courtroom. After the court had finished the instructions, counsel for plaintiffs announced that they would like to continue the cross-examination of the witness. The request was denied, the court saying that the docket was too crowded to wait on counsel who were not present. Counsel for plaintiffs then offered some requested instructions, which were refused by the court. It also appears that the trial court denied counsel the right to have their exceptions noted to the instructions given. On this question the court stated that it had advised counsel to dictate their exceptions to the court reporter at any time before the instructions were read. Counsel seem to have understood that they would be permitted to note their exceptions when the case was closed, and expected to arrive in time to continue the taking of evidence.

Courts in the conduct of trials are necessarily allowed a rather broad discretion in granting or refusing to grant requests for recesses, continuances, and to reopen cases after they are once closed. Counsel state that they were engaged in preparing requested instructions, and did not notice that the time for convening court had arrived. The jury was still in the box, and it would not have caused any particular delay or inconvenience to the court to have permitted counsel to except to the instructions. We think the desired exceptions should have been allowed, and the instructions will be treated as properly excepted to.

It is next contended that defendants so commingled the lienable items with nonlienable items on their books of account that they impliedly waived their lien. On the account introduced in evidence, there were items for feed, for stall rent, and for money advanced. The items were entered separately so that the nonlienable items were easily separated or counted out of the account. It has been held that a lien may be impliedly waived by commingling items secured by lien with unsecured claims so that the amount of the lien is not kept ascertainable without restating the accounts. 37 C. J. 335: Union Trust Co. v. Trumbull, 137 Ill. 146, 27 N. E. 24: McMaster v. Merrick, 41 Mich. 505, 2 N. W. 895. The principle

underlying this rule, which must be taken into account in connection with the facts and circumstances of each case, is that it is a question of intention, and the intention must clearly appear from the circumstances of the case. 37 C. J. 334, section 54; 17 R. C. L. 606, states the rule as follows:

"To sustain this loss of lien, it must be presented on one or the other of two ideas—intentional waiver or from the loss of possession. As to the first, authority is abundant to show that one will not be held to waive a lien unless the intent be express or very plain and clear. The presumption is always against it."

In the case of Hall v. Black, 93 Okla. 148, 220 Pac. 50, it is held:

"An intention to waive a lien will not be presumed in the absence of evidence tending to show such intention, and whether or not a particular transaction amounts to release of lien is a question of intention on the part of the releasor, and, in a doubtful case, such intention will not be implied."

Defendant's evidence indicates an intention from the beginning to claim a lien.

Under these circumstances it would seem that nothing short of a naked presumption would support a finding that defendants had waived their lien.

It is contended that the trial court erred in not submitting the question of whether or not W. B. Lamb was the agent of plaintiff to authorize defendants to feed the horses, and in assuming in instruction No. 3 that Lamb had such authority. Defendants, by their answer, alleged that they were employed by plaintiffs, their agents and employees, to feed said animals. Plaintiffs replied that they did not employ or authorize any one to employ the defendants to feed the stock, nor authorize any one to consent that the defendants might furnish feed. At the trial one of the defendants testified that one W. B. Lamb, who claimed to be agent for plaintiffs, asked defendants to feed the horses and stated that plaintiffs would see that the feed bill was paid. One of the defendants also testified that he engaged Mr. Bunyard, a banker, to call plaintiff Treeman at Perry to confirm Lamb's representations. Mr. Bunyard testified that he did call Treeman, and in substance stated that Treeman replied that Lamb was their agent to deal with the matter, and he reported this to the defendants. Both plaintiffs admitted that Lamb was their agent to go to Wewoka to investigate the security and to collect the debt, but denied that they had

authorized him to consent to the furnishing of feed. Treeman also denied confirming Lamb's purported authority to Bunyard over the telephone. It will thus be seen that the decisive issue presented by the pleadings and the evidence was, Did Lamb have authority as agent for plaintiffs to authorize the feeding of the horses so as to give defendants a prior lien for their feed bill? The question of agency and the extent thereof is a question of fact to be submitted to a jury under proper instructions where there is conflicting evidence on the point. Ginner & Miller Publishing Co. v. N. S. Sherman Machine & Iron Works, 93 Okla. 221, 220 Pac. 650; Central Mortgage Co. v. Michigan State Life Ins. Co., 43 Okla. 33, 143 Pac. 175; McCaskey Register Co. v. Curfman (Ind. App.) 90 N. E. 323. Unless Lamb had actual or apparent authority to thus bind his principals, deendants would not be entitled to prevail; and the jury should have been furnished a proper guide in determining the question. No such instruction was given, but the instructions seem to assume that Lamb was acting within the scope of his authority if he consented that defendants feed the animals. Instruction No. 3 told the jury that under certain circumstances it would be their duty to return a verdict for plaintiffs, unless W. B. Lamb, as agent of plaintiffs, agreed for said feed to be furnished and that plaintiffs would pay for the same. In this particular, the court invaded the province of the jury, and assumed a disputed fact to be proven.

It is the duty of the trial court, upon his own motion, to properly instruct the jury upon the decisive issues formed by the pleadings and the evidence, and a failure to do so constitutes reversible error. Swift v. McMurray, 133 Okla. 104, 271 Pac. 635; Okla. Producing & Refining Corp. v. Freeman, 88 Okla. 166, 212 Pac. 745; Helsel v. Fletcher, 98 Okla. 285, 225 Pac. 514.

The judgment of the trial court is reversed and the cause remanded for a new trial.

BENNETT, HERR, DIFFENDAFFER, and TEEHEE, Commissioners, concur.

By the Court: It is so ordered.