## WHITE v. HUGHES.

No. 19389. Opinion Filed July 8, 1930.

Rehearing Denied Oct. 7, 1930.

E. Hamilton and J. E. Shelton, for plaintiff in error.

Melton & Melton and T. H. Williams, Jr., for defendant in error.

DIFFENDAFFER, C. Defendant in error, herein referred to as plaintiff, commenced this action against plaintiff in error, herein referred to as defendant, to recover the sum of $490 alleged to be due for work and labor; $100 claimed as the one-sixth interest of the sum of $600 received by defendant on account of a transaction involving an oil and gas lease in which plaintiff claimed a one-sixth interest; $33 being one-sixth of the sale price of an oil tank valued at $200, which defendant is alleged to have sold in which plaintiff claimed a one-sixth interest, and $50 being one-sixth of the sale price of certain other property, which he alleged defendant sold and kept the proceeds, aggregating $672.79, upon which he alleged defendant was entitled to certain credits, aggregating $207.65, and prayed for judgment in the sum of $465.

At the trial, upon the apparent admission of defendant that he was not entitled to one of the items credited in the sum of $81.66, plaintiff amended by withdrawing this credit, and increased his claim for judgment in a like amount.

Defendant answered by general denial, except the item of $100, but alleged plaintiff was indebted to him in a much greater sum, and by cross-petition set up in four separate causes of action claims against plaintiff aggregating $551.93, and allowing credit to plaintiff for the $100 item, prayed judgment against plaintiff in the sum of $451.93.

The cause was tried to a jury resulting in a verdict for plaintiff in the sum of $496.-33, upon which, after unsuccessful motion for new trial, judgment was entered.

From this judgment and order overruling the motion for a new trial, defendant appeals.

There are five assignments of error:

(1) Error in overruling motion for new trial.

(2) Error in giving certain instructions.

(3) Error in rejecting evidence offered by defendant.

(4) Error in amount of recovery.

(5) That the verdict and judgment are not sustained by the evidence.

The first assignment is formal. The third is not presented in the brief nor otherwise, and will be treated as abandoned. The fourth and fifth both go to the sufficiency of the evidence. The fifth assignment cannot be here considered, for the reason that defendant neither demurred to plaintiff's evidence nor asked for an instructed verdict. First St. Bk. of Inola v. Dickerson, 119 Okla. 103, 245 Pac. 54; McIver v. Katsiolis, 93 Okla. 49, 217 Pac. 424; Norman v. Lambert, 64 Okla. 238, 167 Pac. 213; Myers v. Hubbard, 80 Okla. 97, 194 Pac. 433. However we think there is ample competent evidence to support the verdict, as will be shown in considering the fourth assignment of error.

The fourth assignment is as to the amount of the recovery.

The principal controversy arises over the items alleged by plaintiff of 98 days' work and labor at $5 per day. It appears from the record that plaintiff and one Jones were the owners of a two-thirds interest in an oil and gas lease upon which one well had been drilled. The well was a very small producer. Plaintiff and Jones sold their two-thirds interest in the lease to defendant, and plaintiff and defendant entered into a written agreement whereby it was agreed that plaintiff was to have a one-sixth interest in the lease. It seems to have been considered necessary to pump the well in order to determine whether or not the well would be a paying producer, as well as to hold the lease. That defendant was to bear the expense of the operation of the lease up to $2,000. Plaintiff testified that defendant employed him to pump the well and agreed to pay him $5 per day therefor; that he pumped the well for 98 days and claimed $490 therefor. Defendant denied that he agreed to pay plaintiff for this work, and testified that plaintiff agreed to do the work because of his one-sixth interest in the well and lease, and his interest in other nearby leases. That neither he nor plaintiff was to be reimbursed for their work and expenses, unless the well should prove to be a paying well, in which case he, defendant, was to be reimbursed first for his expense paid out therein, and plaintiff to be repaid next, after which the profits were to be divided between them in proportion to their respective interests. In this defendant was corroborated by his secretary. These three were the only ones present when the arrangement for pumping the well was made. The agreement is conceded to have been oral. As to some of the other items of plaintiff's claim, the evidence is in like conflict, as were most of the items in defendant's cross-petition. These other items substantially offset each other, and the jury apparently so found,

as the verdict was for but $6.33 more than plaintiff's claim for the labor.

Defendant recognized this conflict in the evidence in his original brief and asserts that: "The weight of the evidence as to the contract between plaintiff and defendant is with the defendant." He apparently overlooks the fact that this is a new action, and that all questions of fact in such cases where the trial is to a jury and where the evidence is in conflict are exclusively for the jury.

The court cannot in such cases upon appeal weigh the evidence and determine where the preponderance lies.

The only instruction given that is complained of in defendant's brief is instruction No. 6.

One of the items in defendant's cross-petition was for $120 alleged to have been paid to plaintiff for and on account of an assignment of a portion of a departmental oil and gas lease to defendant. It was the contention of defendant that the lease was owned by plaintiff, and that plaintiff agreed to give him valid assignment thereof for the sum of $120, which he paid to plaintiff; that plaintiff failed to give him a valid assignment thereof.

Plaintiff contended as to this transaction that all he agreed to do was to procure the assignment executed by Jones, who owned the lease, and that he did so and that he did not obligate himself to procure the approval thereof by the Secretary of the Interior. That part of the instruction of which defendant complains reads:

"You are instructed that if the contract or agreement was to procure an assignment of the lease from some other person, and you find and believe from the evidence that the plaintiff, Hughes, did procure said assignment and that said assignment within itself was a good and valid assignment, then the defendant could not recover of the plaintiff the money so advanced by reason of the same being a departmental lease and that the government thereafter refused to ratify the same."

The instruction as a whole presented the theory of each party with reference to this agreement. It fairly presents the law relative to the respective claims of the parties and the evidence. We find no error in that part of the instruction complained of.

Defendant in his brief complains of the refusal of the court to give an instruction requested by him. This alleged error is not presented by the petition in error. However, we have considered same and find that the question contained in the offered instruction was fairly covered by the court in its general instructions, and particularly by instructions Nos. 2 and 4.

There being no error in the record, the judgment should be, and is hereby, affirmed.

Plaintiff in his brief presents the motion for judgment upon the supersedeas bond in the case of an affirmance of the judgment below. The record discloses that defendant executed the supersedeas bond, regular in form, in the sum of $1,100, approved by the clerk of the district court of Grady county, with T. H. Dwyer, as surety. It, therefore, appears that plaintiff is entitled to judgment upon said supersedeas bond for the amount of the judgment and costs. Judgment should be, and is, rendered in favor of the plaintiff against said defendant, T. H. Dwyer, for the amount of the judgment, to wit, $496.33, together with interest thereon at the rate of 6 per cent. per annum from the 19th day of October, 1927.

BENNETT, HALL, EAGLETON, and LEACH, Commissioners, concur.

Note.—See under (2) 2 R. C. L. p. 203; R. C. L. Perm. Supp. 377. (4) 14 R. C. L. p. 752, et seq.; R. C. L. Perm. Supp. p. 3659; Continuing Perm. Supp. p. 560.