## ADVANCE-RUMELY THRESHER CO., Inc., v. ALEXANDER.

No. 20669. Opinion Filed March 29, 1932.

R. L. Howsley and Long, Houston, Depew, Norton & Stanley, for plaintiff in error.

Hughes & Dickson and Rizley, Loofbourrow & Sweet, for defendant in error.

ANDREWS, J. This is an appeal from a judgment of the district court of Texas county in favor of the defendant in error, the plaintiff in that court, against the plaintiff in error, the defendant in that court. The parties hereinafter will be referred to as they appeared in the trial court.

The plaintiff sought to recover from the defendant a commission of $700, claimed to be due to the plaintiff from the defendant for services rendered in securing a buyer for certain land owned by the defendant. The cause was tried to a jury. The jury rendered a verdict in favor of the plaintiff and the defendant appealed to this court.

The plaintiff alleged that Mr. Kirkpatrick was the general agent of the defendant and had his office at Wichita, Kan.; that on or about the _____ day of July, 1926, the defendant, acting by and through its lawfully authorized agent, Kirkpatrick, made and entered into a verbal contract with the plaintiff, whereby it agreed with the plaintiff that if the plaintiff would sell certain real estate at a price of not less than $14,000, the defendant would pay the plaintiff, as a commission, five per cent. of the purchase price, and that pursuant to that agreement, on or about the 15th day of August, 1926, the plaintiff negotiated a sale for the land on behalf of the defendant to Mr. Scott, who purchased the same at a price of $14,000.

The defendant denied that Mr. Kirkpatrick was its general agent; that he had any authority at any time to make the contract alleged in the plaintiff's petition to have been made; that any contract was ever made between the plaintiff and the defendant whereby the defendant agreed to pay the plaintiff a commission for a sale of real estate, and that the defendant ever employed the plaintiff to obtain a purchaser for the land.

There are four issues presented by the pleadings: First, was the alleged contract entered into? Second, was the alleged contract performed by the plaintiff? Third, was Mr. Kirkpatrick the agent of the defendant? And fourth, if Mr. Kirkpatrick was the agent of the defendant, did he have the apparent authority to enter into the alleged contract?

That the plaintiff found a purchaser ready, willing, and able to purchase the real estate at $14,000; that he presented the purchaser, Mr. Scott, to Mr. Kirkpatrick, and that by reason thereof the defendant sold the land to Mr. Scott for $14,000, is clearly shown by the record in this case. There is no evidence to the contrary. The performance of the contract, if any, was clearly shown.

Whether or not the contract was entered into was a question of fact to be submitted to the jury under proper instructions. It was so submitted, and by its verdict the jury found that the contract was entered into. This being a law action tried to the jury and there being competent evidence to support the verdict of the jury, the same will not be disturbed on appeal. Witt v. Reed, 144 Okla. 120, 289 P. 291.

The testimony of the plaintiff as to the alleged agency was given in response to a question as to who Mr. Kirkpatrick was. He said, "He is manager of the Advance-Rumely Company at Wichita, Kans." There was no objection to that testimony. The defendant cites authorities as to the method of proving agency when denied under oath. Those authorities are not applicable herein for here there is positive testimony as to the existence of the agency and there was no objection thereto. That testimony of the plaintiff is corroborated by the testimony offered by the defendant that Mr. Kirkpatrick was the agent of the defendant. There is no question but that Mr. Kirkpatrick was the agent of the defendant.

Apparent authority of an agent may be determined from all of the evidence, facts, and circumstances. Reed v. Anderson, 127 Okla. 64, 259 P. 855. As stated by this court in Consolidated Flour Mills Co. v. Muegge, 127 Okla. 295, 260 P. 745, where a person imposes upon another the duties and responsibilities incident to the management and control of the business, such person will be presumed to have authority to represent his employer in any matter within the scope of the business, and this rule applies peculiarly to corporations which act only through their officers and agents.

The defendant demurred to the evidence introduced by the plaintiff. That demurrer was overruled by the court and exceptions were reserved to the ruling. The defendant did not renew its demurrer or ask for an instructed verdict when all of the evidence had been introduced.

The defendant, in its motion for a new trial, contended that the trial court erred in overruling its demurrer to the plaintiff's evidence. The question of whether or not there was evidence to support the verdict of the jury could not be presented to the trial court for review in the motion for new trial, for the defendant did not demur to the evidence when the evidence was concluded and did not move for an instructed verdict. White v. Hughes, 145 Okla. 192, 292 P. 37.

The question of the sufficiency of the evidence to be submitted to the jury was waived by the defendant by putting on its evidence and permitting the cause to be submitted to the jury without further objection. Local Bldg. & Loan Ass'n v. Hudson-Houston Lbr. Co., 150 Okla. 44, 3 P. (2d) 156; Stanfield v. Lincoln, 150 Okla. 289, 1 P. (2d) 387; Watson v. Doss, 151 Okla. 132, 3 P. (2d) 159.

"Where in the trial of a law case there is an issue on the question of agency and the extent thereof, on which questions the evidence is conflicting, they are questions of fact to be decided by the jury under proper instructions." Treeman v. Frey, 140 Okla. 201, 282 P. 452.

"Where the facts upon the question of agency are controverted, it becomes an issue to be determined by the jury under proper instructions of the court, and the jury may consider all the facts and circumstances introduced in evidence in such determination." Jilson v. Dickinson-Reed-Randerson Co., 125 Okla. 276, 257 P. 759; Brouse v. Cox, 129 Okla. 130, 263 P. 1088.

"The question of agency and the scope and extent of the agent's authority are to be gathered from all the facts and circumstances in evidence, and are to be determined either by the jury or the court as a trier of fact." Catlin v. Reed, 141 Okla. 14, 283 P. 549.

We think that the record shows facts and circumstances sufficient to sustain the verdict of the jury and the judgment of the trial court based thereon. The defendant offered no evidence of want of authority of Mr. Kirkpatrick, and Mr. Kirkpatrick, a witness for the defendant, at no time testified that he did not have the authority to employ an agent to sell this land. While it is true that he testified that he wired the home office to ascertain whether they would consider an offer of $13,000, he nowhere testified that he did not have authority to sell the land for $14,000. His authority to sell the land is not an issue in this case. The issue in this case is whether he had authority to employ an agent to find a purchaser for the land. Nowhere in the record is there any testimony to show that he did not have that authority, and the facts and circumstances are such that the jury was warranted in finding that he apparently had that authority.

Under the authority of Lamon v. Speer Hardware Co., 198 Fed. 453:

"A principal is as conclusively bound to innocent third parties by the acts of his agent in the exercise of the apparent authority within the scope of his agency with which his master clothes him as he is by the actual authority conferred upon him." him."

Horton v. Early, 39 Okla. 99, 134 P. 436:

"The apparent authority of an agent is to be gathered from all the facts and circumstances in evidence, and is a question of fact for the jury."

—and Jilson v. Dickinson-Reed-Randerson Co., supra,

"On the question of agency, where the evidence is conflicting and there is any competent evidence tending to establish agency and the extent of the authority of the agent, the issue as to such agency and the authority of the agent are questions to be determined by the jury.

"Where questions of fact are submitted to the jury under proper instruction from the court, the jury's verdict and judgment rendered thereon will not be disturbed on appeal, where there is any evidence reasonably tending to support same."

The judgment of the trial court is affirmed.

LESTER, C. J., CLARK, V. C. J., and HEFNER, CULLISON, SWINDALL, McNEILL, and KORNEGAY, JJ., concur. RILEY, J., absent.