## BARKER v. TROTTINGWOLF.

No. 20705. Oct. 24, 1933.

Norman Barker, for plaintiff in error.

Woodard & Westhafer, for defendant in error.

ANDREWS, J. The defendant in an action pending in the district court of Washington county, who was also a cross-petitioner in that action, appealed to this court from a judgment of that court against him and in favor of the plaintiff in that action on two certain promissory notes and a real estate mortgage securing the same.

The plaintiff in error has failed to abstract the evidence, and while he has set out numerous assignments of error, he has not conformed to the rule of this court with reference to the presentation thereof. As we view the record, there is but one determination necessary herein.

The plaintiff in error in the trial court contended that he had been employed as an attorney and wrongfully discharged, and that he was entitled to recover the reasonable value of his services. The amount of services rendered and the value thereof were in dispute. He did not ask the trial court to instruct the jury to return a verdict in his favor and he did not otherwise attack the sufficiency of the evidence prior to the time that it was submitted to the jury.

We have carefully examined the record in this case, and we find that the cause was fairly tried, and that it was submitted to the jury under proper instructions.

The rule applicable is that stated in White v. Hughes, 145 Okla. 192, 292 P. 37, and other decisions of this court, wherein it was held:

"Where a case is submitted to the jury and the defendant neither demurs to plaintiff's evidence nor moves for an instructed verdict, nor otherwise legally attacks the sufficiency of plaintiff's evidence, the question whether there is any evidence reasonably tending to support a verdict for plaintiff is not presented for review by defendant's motion for a new trial.

"Where, in a law case, there is any competent evidence reasonably tending to support the verdict, the same will not be disturbed on appeal."

We find no error in the judgment of the trial court, and it is in all things affirmed.

RILEY, C. J., and SWINDALL, McNEILL, OSBORN, BUSBY, and WELCH, JJ., concur. CULLISON, V. C. J., and BAYLESS, J., absent.