## HARTFORD FIRE INS. CO. v. McAVOY et al.

No. 23079.   Oct. 8, 1935.

Rehearing Denied April 21, 1936.

Application for Leave to File Second Petition for Rehearing Denied May 12, 1936.

Rittenhouse, Lee, Webster & Rittenhouse, for plaintiff in error.

A. J. Welch and R. B. Strong, for defendants in error.

PER CURIAM. This is a suit in damages for the breach of an alleged contract to furnish a standard premium adjustment fire policy. The defendants Stanley R. Bruce and E. F. Dobbins went out of the case on demurrers to the evidence of plaintiffs. The plaintiff in error will be referred to as the defendant. The defendants in error will be referred to as plaintiffs. The plaintiffs allege that on July 3, 1928, they had on hand in elevators a large quantity of wheat, and desiring protection thereon they made a verbal contract with defendant through E. F. Dobbins, its agent, by the terms of which the defendant agreed to write and deliver to plaintiffs a standard premium adjustment fire policy; that said Dobbins was the local agent of defendant, with authority to solicit and write insurance for defendant and to collect and remit premiums thereon; that defendant breached said contract and refused to deliver said policy; that on July 4, 1928 a fire occurred, and some of plaintiffs' wheat was destroyed; and that through such breach plaintiffs were damaged.

The defendant's answer was a general and special denial with some admissions. It admitted said Dobbins at the time pleaded by plaintiffs was the recording agent for and on behalf of defendant at Thomas, Okla., and alleged he had no authority to write on behalf of or to verbally bind de-

fendant to a contract of insurance of the kind referred to in plaintiffs' petition, or to bind defendant to a verbal contract of insurance of the kind referred to in plaintiffs' petition. It specifically denied defendant entered into a verbal contract with the plaintiffs as alleged in their petition, or in any other manner or form whatsoever, to insure the plaintiffs or to write and deliver to the plaintiffs a policy of insurance of the kind or character referred to in said petition, or any other kind or character whatsoever. Plaintiffs by their reply denied generally the allegations of defendant's answer, except such thereof as are consistent with the allegations of their petition.

The trial resulted in a judgment for plaintiffs. Among other grounds, the defendant seeks to set aside such judgment on the ground the trial court erred in overruling the motion of defendant for peremptory instructions to the jury directing a verdict for the defendant.

Both plaintiffs testified on behalf of plaintiffs that said Dobbins, in their negotiations with him for such policy of insurance, advised them he could not write such policy, but that he would telephone the defendant's office at Oklahoma City. Said Dobbins appeared as a witness for defendant and testified he so advised plaintiffs while such negotiations were on. We think it is clear that express notice of a limitation upon the authority of said Dobbins to act for the defendant was shown. In fact, both plaintiffs testified that such notice was given to them by him while their negotiations with him were on. It is settled that where one contracts with an agent, who apparently has a limited rather than a general authority, he is bound to make inquiry and ascertain the extent of the agent's authority to act. Cauman et al. v. American Credit Indemnity Co. of New York (Mass.) 118 N. E. 259.

The giving of this notice put plaintiffs on their guard and they relied at their peril on any act of Dobbins in excess of his authority. The defendant's evidence further shows Dobbins was without authority to bind the defendant in such contracts until an inspection was made by one of the defendant's mill and elevator experts, and not then unless the defendant authorized him to do so. The defendant moved for a directed verdict in its favor, which was overruled and an exception reserved. The defendant contends there was not sufficient evidence to take the case to the jury or to sustain the verdict of the jury, and that the court erred in overruling its motion for a directed verdict. The rule in this state is this: Whether or not there is sufficient evidence to go to a jury in a law case is a question of law, and that question must be presented: (1) To the trial court by a demurrer to the evidence or a motion to direct a verdict, a ruling obtained, and exception saved; (2) the alleged error in sustaining or overruling the demurrer to the evidence or motion to direct a verdict must be preserved by motion for a new trial, ruling thereon by the trial court, and an exception saved. Then this court will review the alleged error of law committed by the trial court in its ruling on such demurrer or motion. The defendant met these requirements. McDonald, Adm'r, v. Strawn, 78 Okla. 271, 190 P. 558. It would be a great stretch to say that, with notice that the defendant had withheld from Dobbins authority to make and reduce to writing on its behalf such contract, the plaintiffs would have the right to assume that an oral contract was authorized or would be approved by the defendant. The plaintiffs failed to make their case. The motion for instructed verdict should have been sustained. In view of the foregoing it is not necessary to consider any of the other questions presented. The judgment is reversed, with directions to the trial court to enter judgment for defendant.

The Supreme Court acknowledges the aid of Attorneys Hayes McCoy, Fred M. Carter, and John F. Pendleton in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. McCoy and approved by Mr. Carter and Mr. Pendleton, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., and BAYLESS, WELCH, PHELPS, and GIBSON, JJ., concur.