## BROWN v. A. J. McMAHAN & CO.

No. 27591. Oct. 5, 1937.

Rehearing Denied Dec. 21, 1937.

Kathryn Van Leuven and F. E. Chappell, for plaintiff in error.

Thos. G. Andrews and Clyde L. Andrews, for defendant in error.

GIBSON, J. The plaintiff in error, Edith H. Brown, commenced this action in the district court of Oklahoma county against defendant in error, A. J. McMahan & Company, a corporation, to recover damages for fraud and deceit practiced upon her by one J. B. Moone, an alleged agent of said corporation. The parties are hereafter referred to as plaintiff and defendant, respectively.

Defendant's motion for peremptory instruction was sustained, and verdict was returned and judgment rendered accordingly for defendant, and plaintiff has appealed.

The facts in this case as disclosed by plaintiff's brief, and undisputed by the defendant, are as follows:

J. B. Moone was the salesman and agent of defendant corporation under the following written appointment:

"May 24, 1935.
"Appointment of Agent or Salesman.
"Statement of Insurer or Dealer.
"D-10 Rec. 2519
"To the Oklahoma Securities Commission, Oklahoma City, Oklahoma.

"The undersigned has appointed J. B. Moone, 502 Insurance Building, Oklahoma City, its salesman and agent to act for it in such capacity in accordance with the Oklahoma Law, chapter 24, article 23, Oklahoma Statutes 1931 (amended, chapter 121, Session Laws of Oklahoma 1933).

"Dated May 24, 1935.
"A. J. McMahan & Company
"By A. J. McMahan, President."

Moone was duly licensed as a securities salesman by the Oklahoma Securities Commission.

While said appointment and license were in full force and effect Moone presented himself to plaintiff at her home in Perry as the representative of defendant company, and exhibited his written appointment as agent and his state license as a salesman. At this meeting Moone offered to purchase from plaintiff certain stock of the Tulsa Building & Loan Company then owned by her and of the surrender value of $6,100. Moone offered therefor the sum of $1,500 cash, and 20 shares of the preferred stock of Armour & Company of Delaware of the value of approximately $103 per share.

Plaintiff was interested, but sought time to investigate the standing and financial responsibility of defendant company. Upon investigation the defendant was found highly responsible and of good reputation. Moone returned to plaintiff's house, accepted her building and loan stock, paid her $1,500 cash, and orally agreed to deliver to her in due course the aforesaid Armour & Company stock. The latter promise was never fulfilled. Moone seems to have disappeared, and plaintiff seeks to recover her loss from defendant as Moone's principal.

The only error assigned and here presented is the action of the trial court in directing a verdict for defendant.

Plaintiff says that the aforesaid transaction was within the scope of Moone's agency, or within his apparent authority as agent of defendant, and that in dealing with Moone as a known agent she had a right to presume that the agency was general and not special, and that Moone was acting within the scope of his authority.

The contention in this respect is that there was sufficient evidence of Moone's apparent authority and that the court erred in not permitting the jury to weigh all the facts and circumstances of the case as disclosed by the evidence and to pass upon the question.

There are many decisions of this court defining the trial court's duty and the rights, duties, and burdens of the parties in cases of this character. Among the more recent are Continental Supply Co. v. Sinclair Oil & Gas Co., 109 Okla. 178, 235 P. 471, and Advance-Rumely Thresher Co. v. Alexander, 156 Okla. 150, 9 P. (2d) 934.

In the first case above cited the court held as follows:

"In the absence of notice to the contrary, a person dealing with an admitted agent may presume that he is the general agent and that he is acting within the scope of his authority, the burden being upon the principal to show notice of any limitation upon the agent's authority."

In the latter case it was held:

"Where the testimony as to the authority of an agent is conflicting, the authority of the agent is to be determined by the jury under proper instructions, and in the determination thereof the jury may consider all of the facts and circumstances shown by the evidence in the case."

Here the plaintiff was dealing with Moone as the admitted agent of defendant. Unless she was charged with notice to the contrary, it was within her right to consider Moone as the general agent of defendant and that he was acting within the scope of his agency powers.

Defendant says that Moone's agency powers were limited and that the plaintiff had ample notice that the transaction in question was not within the scope of the agency.

The burden was upon defendant to establish the foregoing facts and, according to the judgment of the trial court, that burden was fully sustained without conflict in the evidence.

The holding of the court in this regard is assigned as error, the plaintiff contending that the evidence on the issue of scope of authority and plaintiff's notice thereof was conflicting and for that reason should have been submitted to the jury for its determination.

The evidence is that Moone was clothed with no agency powers beyond those expressed, or necessarily to be implied, in the written appointment heretofore set out. Defendant did nothing beyond that appointment to indicate that Moone possessed powers in addition to those contained therein. Defendant did not pay plaintiff the $1,500 and did not receive the building and loan stock, nor did it own any Armour & Company stock. It knew nothing of the transaction between Moone and the plaintiff. The rights and liabilities of the parties are therefore to be determined from the written appointment alone.

By the terms of that instrument defendant was bound by the acts of Moone when Moone was acting as its "salesman and agent * * * in accordance with the Oklahoma Law, chapter 24, article 23, Oklahoma Statutes 1931 (amended, chapter 121, Session Laws of Oklahoma 1933)."

It becomes clearly apparent that Moone's agency was a limited one, his authority thereunder circumscribed and controlled by the provisions of the statutes mentioned in the appointment. His powers as agent were limited to the sale of that class of securities authorized by the Oklahoma Securities Act, chapter 24, art. 23, O. S. 1931, as amended chapter 121, S. L. 1933. Here Moone, as agent, sold or agreed to sell to plaintiff a class of stock the sale of which in this particular kind of transaction was prohibited by the statutes aforesaid. Plaintiff was charged with notice of this limitation of Moone's authority. By dealing with him in the face of this knowledge, she proceeded at her peril with reference to the acts of Moone in excess of the authority conferred by the written appointment. Hartford Fire Ins. Co. v. McAvoy, 177 Okla. 60, 57 P. (2d) 242. In that case the court held as follows:

"Where one contracts with an agent with knowledge of a limitation on his authority, he acts at his peril as to acts of the agent in excess of his authority."

Here the defendant sustained the burden of showing that plaintiff had knowledge of the limitation of Moone's authority; and proved that the act complained of was beyond the scope of the agency. There was no conflicting evidence in this regard. The action of the trial court in directing a verdict for defendant did not constitute error.

The judgment of the trial court is therefore affirmed.

BAYLESS, V. C. J., and PHELPS, CORN, and DAVISON, JJ., concur.