## FREDERICK v. NEWBY.

No. 29591. July 16, 1940.

Rehearing Denied Sept. 24, 1940.

*105 P. 2d 525.*

Leslie L. Conner and A. T. Early, both of Oklahoma City, for plaintiff in error.

Laynie W. Harrod and Louis Woodruff, both of Oklahoma City, for defendant in error.

PER CURIAM. The plaintiff, Sam Newby, filed his bill of particulars in the justice of the peace court seeking damages for wrongful attachment. From a judgment for the plaintiff the cause was appealed to the district court of Oklahoma county, and thereupon transferred to the court of common pleas, where, on a trial de novo, a judgment was entered on the verdict for the plaintiff, from which defendant has appealed. He argues four specifications of error.

It is first argued that this is an action for malicious prosecution and therefore the justice court had no jurisdiction. This allegation will be considered in connection with the second specification of error, which is to the effect that the justice court in which the action was

filed had no jurisdiction because the wrongful attachment occurred in another justice court, and it is alleged that for this reason the justice court had no jurisdiction to try the case of wrongful attachment under the provisions of section 863, O. S. 1931, 39 Okla. St. Ann. § 82, and section 868, O. S. 1931, 39 Okla. St. Ann. § 88. We are of the opinion that neither of these contentions can be sustained. Under the provisions of section 863, a justice court has jurisdiction of civil actions for the recovery of money, and there is nothing in the provisions of section 868 restricting the recovery of damages for wrongful attachment even though the alleged wrongful attachment was commenced before another justice of the peace.

The third specification of error is that the court erred in giving certain instructions. The fourth specification of error is that the court refused to give certain instructions. As to the refusal of instructions requested, it is claimed by the defendant that the trial court refused to instruct on the theory of the defense submitted by the defendant and supported by the evidence. It is error to refuse to instruct the jury upon a tenable theory of defense presented by the defendant where the pleadings present such issue and there is evidence to support the theory. See Smith v. Maher, 89 Okla. 49, 202 P. 321, and Great American Life Ins. Co. v. Stephenson, 176 Okla. 295, 55 P. 2d 56. This point, however, is not properly presented by the defendant. The case is brought to this court by an agreed transcript in which the parties apparently seek to comply with section 531a, O. S. 1931, 12 Okla. St. Ann. § 966, which provides that a case-made may be presented to this court by agreement of counsel without settlement of same by the trial court. None of the evidence is included in the case-made. We are therefore unable to determine whether the theory of the defendant was supported by the evidence. We have examined the instructions submitted as shown by the transcript and are of the opinion that the trial court reasonably submitted the issues presented by the pleadings. In White v. Hughes, 145 Okla. 192, 292 P. 37, we held that it was not error to refuse special instructions offered by one of the parties where said offered instructions were covered by the general instructions given by the court.

The judgment of the trial court is affirmed.

WELCH, V. C. J., and RILEY, HURST, DAVISON, and DANNER, JJ., concur.