## GARR v. THOMAS.

No. 31070. Sept. 21, 1943.

*141 P. 2d 272.*

Fred L. Hoyt, of Oklahoma City, for plaintiff in error.

Pierce, McClelland, Kneeland & Bailey, of Oklahoma City, for defendant in error.

GIBSON, V. C. J. This is an action to recover for labor and material furnished under a written contract. The trial was to the court on waiver of jury. Judgment was for plaintiff, and defendant appeals.

The only assignment presented in the briefs questions the sufficiency of the evidence.

The principal issue was the alleged agency relationship existing between defendant and the party who signed the contract with plaintiff. Said contract was for the repair of a heating unit in an apartment house belonging to defendant and under the management of the alleged agent. The cost of the labor and material was not set out in the contract, but it authorized the repairs as therein listed, and contained a clause whereby defendant agreed to plaintiff's regular terms in such case.

The contract, together with an itemized account of the labor and material, was attached to the petition.

Defendant denied the authority of the agent, and alleged and sought to prove an oral contract with plaintiff wherein the latter agreed to perform the services for a price less than the amount sued for.

Plaintiff's employee testified that before making the repairs he presented the contract to Lillie Byrd, the manager of the apartment, and that she questioned her own authority to sign the same. According to the testimony of this witness, defendant's son was present at the time, and the son called defendant on the telephone, and, after the conversation, told Mrs. Byrd to sign the contract. Thereupon Mrs. Byrd called defendant on the telephone and, after her conversation with him, signed the contract. Defendant objected to the evidence concerning the telephone conversation.

Both the defendant and his witness Lillie Byrd denied the telephone communications.

Defendant takes the position that the authority of Lillie Byrd to sign the contract was not proved. He relies on the rule that where an agent has limited authority and informs persons with whom he deals of such limitation, the principal is not bound when the agent exceeds his authority. Hartford Fire Ins. Co. v. McAvoy, 177 Okla. 60, 57 P. 2d 242.

We agree with plaintiff that the question in this case is not one of the apparent authority of an agent, but solely a question of whether Garr, the defendant, authorized Lillie Byrd in the telephone conversation to sign the contract.

Defendant assumes the position that the telephone communication was wholly without probative value. While counsel objected to that portion of the testimony, the briefs fail to make any complaint concerning the court's action in receiving it in evidence.

In our opinion, however, such failure does not constitute an admission that the evidence was of some value. If, in fact, it was of no force at all, the trial court would not be justified in considering it in determining the question of the agent's authority.

In an attempt to justify the testimony concerning the telephone episode as competent to establish Mrs. Byrd's authority to sign the contract, plaintiff cites Heckman v. Davis, 56 Okla. 483, 155 P. 1170, and City of Pawhuska v. Crutchfield, 147 Okla. 4, 293 P. 1095. But those cases involved the testimony, not of a bystander, but of one of the parties to the conversation. They are of no aid here.

In the instant case a bystander testified as to the telephone communication, and by that testimony plaintiff attempts to establish an agency relationship between the party at the other end of the line, as principal, and the party talking in the witness' presence, as the agent. The witness had no possible means of identifying the defendant as the other party to the conversation, or what was said by said party except by statements of the alleged agent, and that would be mere hearsay. The witness did not even say that Mrs. Byrd had said the party to whom she talked was the defendant Garr.

Identification is necessary in such case. It is true that in Heckman v. Davis, supra, the court said that any uncertainty of identification of the person responding to the call would affect the weight of the testimony, not its competency. But that statement can apply only in those cases where a party to the telephone conversation attempts to make the identification, or, more specifically, it can apply only to a party who actually heard the voice at the other end of the line.

A bystander, not hearing the voice, could have no opportunity of identifying the party.

Here, the plaintiff would bind a principal for the act of his alleged agent merely upon the inference that the agent had obtained authority for the act through the medium of a telephone conversation between the agent and someone said by a bystander to be the principal but not identified by the bystander, or by anyone else, as the principal. Such evidence is of no appreciable value.

There may be some instances where a bystander might properly testify concerning the portion of a telephone conversation heard by him, but ordinarily his testimony is received only in corroboration of the testimony of a former witness regarding the conversation. 20 Am. Jur. 336, § 369. It is there said that a few decisions admit the evidence of a bystander as to what he overheard during a telephone conversation as original evidence and not merely in corroboration of one of the speakers. However, continues the text, the evidence of a bystander is frequently rejected due to lack of identification of the person at the other end of the line.

Such testimony, given in an attempt to establish agency between the parties to the conversation, should not only be rejected, but, in trial to the court, should be considered as worthless.

It clearly appears that the present judgment is based wholly on the inference of agency between Mrs. Byrd, as agent, and defendant, as principal. Since the evidence was wholly lacking in this respect, the judgment must be reversed.

The judgment is reversed, and the cause remanded for a new trial.

CORN, C. J., and BAYLESS, WELCH, HURST, and DAVISON, JJ., concur. RILEY, OSBORN, and ARNOLD, JJ., absent.