**SMITH CONTRACTING CORP. v. TROJAN CONST. CO., Inc.**

No. 4246.

United States Court of Appeals Tenth Circuit.

Oct. 22, 1951.

Robert J. Woolsey, Tulsa, Okl., (W. E. Green and J. C. Farmer, Tulsa, Okl., on the brief), for appellant.

John F. Butler, Oklahoma City, Okl., (Butler, Rinehart & Morrison, Oklahoma City, Okl., on the brief), for appellee.

Before PHILLIPS, Chief Judge, and BRATTON and MURRAH, Circuit Judges.

PHILLIPS, Chief Judge.

The Trojan Construction Company, Inc.,[1] brought this action against Smith Contracting Corporation[2] to recover damages, in excess of normal wear and tear, to equipment leased by Trojan to Smith, occurring during the use of the equipment by Smith.

The leases were in writing and the two provisions thereof, here material, in each lease, read as follows:

"2.  Determination of Rental Charges. * * *.

"(a)  *Monthly Rental Rates* shall not be subject to any deductions on account of any non-working time in the month, but the amount of rent payable for any fraction of a month at the beginning or end of the Rental Period shall be the monthly rental rate, prorated according to the number of calendar days in such fraction.

"*   *   *   *   *   *.

"8.  Damage to Equipment.  The Lessee shall indemnify the Lessor against all loss and damage to equipment during the Rental Period and the appraisal of any such loss or damage shall be based on the equipment values shown by the List of Equipment. Any shortage or damage claim of either party shall be made known to the other party within seven (7) days after receipt of equipment, or such claim shall be void."

A pretrial conference was held and the parties agreed that the action was predicated upon a claim that Smith returned the equipment in a damaged condition not resulting from normal wear and tear; that

Smith denied there was any damage other than that resulting from normal wear and tear; and that the only question for determination was such issue of fact.

During the introduction of the testimony of the first witness of Trojan the leases were introduced in evidence.  Smith then sought to prove that it paid rental for a full month at the end of the rental period, and that the equipment was returned before the end of the last monthly rental period; asserted that it was entitled to a counterclaim under the provisions of paragraph 2(a) of the leases; and asked leave to amend its answer to conform to such proof.  The trial court ruled that Smith might make the proof and that it would take under advisement the question of whether the amendment would be permitted.

The trial court found that the equipment suffered damages, resulting other than from ordinary wear and tear during its use by Smith, aggregating $5,208.50. That finding is supported by substantial evidence, is not clearly erroneous, and is, therefore, binding on this court.

Trojan introduced proof that it verbally notified Craig, Superintendent of Smith, in charge of the work where the equipment was being used, of the damages to the equipment shortly before it was returned and that Craig agreed to have the equipment repaired.  It will be observed that the leases did not require notice in writing or other formality in the giving of the notice.  They merely provided that any damage claim should be made known to the other party within seven days after receipt of the equipment.  The trial court ruled that the verbal notice to Craig was sufficient notice of the damage required by paragraph 8 of the leases.  Craig was the agent of Smith in charge of the work where the equipment was being used.  We are of the opinion Craig had apparent authority to receive the notice[3] and that the notice was sufficient.  Moreover, the agreement at the pretrial conference eliminated the issue of notice.

1.  Hereinafter called Trojan.

2.  Hereinafter called Smith.

3.  Advance-Rumely Thresher Co. v. Alexander, 156 Okl. 150, 9 P.2d 934, 935.

The trial court refused to permit Smith to amend its answer to set up a counterclaim for overpayment of rental.

The provisions of the leases are plain. The time when the equipment was returned and the amounts of overpayment of rental could have been readily determined. Trojan did not dispute the claim or assert that it was not prepared to meet it. The trial was before the court and if Trojan needed additional time to check the facts, that time could have been granted. On the record, it seems clear that Smith was entitled to a counterclaim for overpayment of rental and that failure of Smith's counsel to assert it earlier resulted in no prejudice to Trojan.

Rule 13(f) of the Federal Rules of Civil Procedure, 28 U.S.C.A., provides: "When a pleader fails to set up a counterclaim through oversight, inadvertence, or excusable neglect, or when justice requires, he may by leave of court set up the counterclaim by amendment."

It will be observed that the clause "or when justice requires," is an independent ground upon which the court may grant leave to set up the counterclaim by amendment.

That portion of Rule 15(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A., dealing with amendments to pleadings by leave of court provides that "leave shall be freely given when justice so requires."

We are not unmindful that the agreement arrived at during the pretrial conference as to the issues of fact to be presented did not embrace the issues of fact raised by this counterclaim. We are of the opinion, however, that rigid adherence to pretrial conference agreements should not be exacted, especially where so to do will result in injustice to one party and relaxing of such agreement will not cause prejudice to the other party. Requiring rigid adherence to pretrial conference agreements will tend to discourage cooperation of counsel and their willingness to agree at the pretrial conference as to the real and substantial issues to be presented, and will impair the effectiveness of the pretrial conference procedure.

Upon the facts presented on this record, we think justice required the granting of leave to amend the answer to set up the counterclaim and that denial thereof was an abuse of discretion.

The cause is remanded with instructions to permit Smith to set up the counterclaim by amendment and reduce the amount of Trojan's judgment by the amount awarded on the counterclaim.